IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ERIC L. ELLIS,<br><br>*Plaintiff*<br><br>v.<br><br>CARGILL MEAT SOLUTIONS, AND<br>ULTIMATE KRONOS GROUP (UKG)<br><br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 4:22-cv-00864-Y<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## DEFENDANT UKG INC.'S OPPPOSED MOTION TO STAY AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendant UKG Inc. ("UKG") respectfully moves the Court to stay this case  as to  UKG in its entirety pending approval of the class action settlement agreement in *In re UKG Cybersecurity Litigation*, Case No. 3:22-cv-00346 (N.D. Cal.) ("UKG Litigation Settlement") and resolution of UKG's Motion to Dismiss. As explained more thoroughly in the supporting memorandum of law, a stay is appropriate because the UKG Litigation Settlement and UKG's Motion to Dismiss will resolve all of Plaintiff's claims.

WHEREFORE, for these reasons, and those contained in UKG's accompanying Memorandum of Law, Defendant UKG requests that this Court grant its Motion to Stay.

## FACTUAL BACKGROUND

On May 11, 2023, Plaintiff filed his amended complaint against UKG arising out of a criminal ransomware attack on its Kronos Private Cloud environment ("KPC") in December 2021. UKG has no direct relationship with Plaintiff. Rather, Plaintiff is an employee of a KPC customer who alleges he was not properly paid while KPC services were down following the ransomware attack. Plaintiff brings a series of common law and statutory claims premised on the purported impact of the ransomware attack on their personally identifiable information ("PII"). UKG moved to dismiss all of Plaintiff's claims pursuant to Federal Rules of Procedure 12(b)(1) and 12(b)(6) (ECF No. 56).

This case was not the only lawsuit that has been filed against UKG raising the PII-based claims—nor was it the first. Three putative class actions were filed and then consolidated in the Northern District of California. *See In re UKG Inc. Cybersecurity Litigation*, No. 3:22-cv-00346-SI (N.D. Cal.) ("UKG Litigation").  The UKG Litigation arises out of the KPC ransomware attack and asserts similar claims as those alleged by Plaintiff here. A settlement was reached in the UKG Litigation on April 12, 2023 (the "UKG Litigation Settlement"). A motion for preliminary approval of the UKG Litigation Settlement was filed on April 28, 2023 and preliminary approval was granted on June 2, 2023 *See* Ex. 1, UKG Litigation Settlement Motion for Preliminary Approval, ECF No. 68 (App. at 2-37); Ex. 2, UKG Litigation Settlement Preliminary Approval Order, ECF No. 74 (App. at 39-43).

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that a court may grant a stay for "good cause shown." *See* Fed. R. Civ. P. 26(c)(1). A district court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v.*

- 2 -

4861-4755-4148

*Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). "The Fifth Circuit has specifically recognized that district courts have inherent power to stay or dismiss an action where the issues presented can be resolved in an earlier filed action pending in another federal district court." *Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, 355 F. Supp. 2d 848, 853 (N.D. Tex. 2005) (citing *West Gulf Maritime Association v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-29 (5th Cir. 1985)). In the context of a motion to dismiss, a district court has discretion to stay discovery if the disposition of the motion might preclude the need for discovery altogether. *Von Drake v. National Broadcasting Co., Inc.*, No. 03-04-CV-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (App. at 116) (citing *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990)). "When deciding to issue a stay, some of the relevant factors that inform a court's discretion are the breadth of discovery sought, the burden of responding to such discovery, and the strength of the dispositive motion filed by the party seeking a stay." *Primesource Building Products, Inc. v. Lee Group Int'l, Inc.*, No. 3:19-cv-02878-X, 2020 WL 6140462, at *1 (N.D. Tex. Aug. 12, 2020) (App. at 90).

## ARGUMENT

### I.    The Court Should Stay Discovery Pending Finalization of the UKG Litigation Settlement.

This matter should be stayed in its entirety as to UKG while approval is sought for the UKG Litigation Settlement. Once approved, the UKG Litigation Settlement will potentially release all of the claims that Plaintiff seeks to bring here. Federal courts regularly stay duplicative litigation where the claims brought in the action will be resolved by approval of a settlement in another action. *See, e.g.*, *Kramer v. NCS Pearson Inc.*, No. Civ. 03-1166-JRTFLN, 2003 WL 21640494 (D. Minn. July 9, 2003) (App. at 83-85); *Schwarz v. Prudential-Bache Securities, Inc.*, No. 90-6074, 1991 WL 137157 (E.D. Pa. July 19, 1991) (App. at 106-07); *see also Salomon S.A. v. Scott USA Ltd. Partnership*, 117 F.R.D. 320, 321 (D. Mass. 1987) (App. at 97) ("A district court may,

- 3 -

in its discretion, defer or abate proceedings where another suit, involving identical issues, is pending in either federal or state court, and where it would be duplicative, uneconomical, and vexatious to proceed otherwise.").

Such a stay is warranted here because of the overlap of Plaintiff's claims with the claims that will be resolved by approval of the UKG Litigation Settlement.

The settlement class members in the UKG Litigation Settlement match the Plaintiff here. Specifically, the UKG Litigation Settlement defines the Settlement Class as consisting of three subclasses, defined as follows:

a. **Nationwide Class**: All natural U.S. persons who are current or former employees or contractors, including their dependents, of UKG customers, whose data was stored in the KPC at the time of the December 2021 KPC Cyberattack and who were impacted by the interruption of KPC applications resulting from the December 2021 KPC Cyberattack.

b. **California Subclass**: All members of the Nationwide Class who are also California residents at the time of the December 2021 KPC Cyberattack.

c. **Exfiltration Subclass**: All members of the Nationwide Class who were sent notice that their personal data was exfiltrated during the December 2021 KPC Cyberattack and were offered credit monitoring services for themselves or on behalf of their dependents.

(*See* Ex. 3, UKG Litigation Settlement Agreement, ECF No. 68-2 at ¶ 51) (App. at 52)  This class completely subsumes the Plaintiff who alleges he is an individual whose "personal information was exposed as a result of the Kronos Data breach." (Am. Compl. at 665; *see also* 648.)[1]

The claims released in the UKG Litigation Settlement similarly overlap with the claims Plaintiff here seeks to bring on his own behalf.  The UKG Litigation Settlement releases:

> Any and all claims, demands, actions, and causes of action that each and every Settlement Class Member has, had, or may ever have, known or unknown, suspected or unsuspected, fixed or contingent,

---

[1] Because Plaintiff's Amended Complaint contains neither paragraph numbers nor pagination, all references to the Complaint will reference the "PageID" number imposed on the top of the Complaint by ECF.

accrued or unaccrued, arising out of or in any way related to the December 2021 KPC Cyberattack and the resulting interruption of Released Parties' products and services, including all claims or causes of action stemming from statutory, contractual, or common law rights under which the Settlement Class Members could seek to recover for any impact of the December 2021 KPC Cyberattack based on the allegations in the operative complaint, and all claims or causes of action that were or could have been brought in the Action based on the same factual predicate, whether or not those claims, demands, actions, or causes of action have been pleaded or otherwise asserted, including any and all damages, losses, or consequences thereof. Released Claims expressly do not include any claims, demands, actions, and causes of action (whether statutory, contractual, or common law) for wages of any kind brought against Released Parties relating to the December 2021 KPC Cyberattack or the resulting interruption of KPC applications.

Defendant denies that Released Parties have any legal obligation for claims, demands, actions, or causes of action for wages of any kind relating to the December 2021 KPC Cyberattack or the resulting interruption of KPC applications. Plaintiffs recognize the novelty and uncertainty of such claims. The Parties nevertheless agree that Released Claims expressly do not include any claims, demands, actions, and causes of action (whether statutory, contractual, or common law) for wages of any kind brought against Released Parties relating to the December 2021 KPC Cyberattack or the resulting interruption of KPC applications.

(Ex. 3 at ¶ 60) (App. at 55). This release includes the negligence, unjust enrichment, breach of contract, violation of state consumer protection statutes, violation of privacy claims, intrusion upon seclusion/invasion of privacy, breach of contract, and declaratory and injunctive relief claims (the "PII Claims") that Plaintiff seeks to bring against UKG on his own behalf (Am. Compl. at 675-90).

Because the PII Claims Plaintiff seeks to bring on his behalf will all be resolved through the UKG Litigation Settlement, the Court should exercise its discretion to stay these claims in the interest of judicial economy. *Kramer*, 2003 WL 21640494 at *3 (App. at 84); *Schwarz*, 1991 WL 137157 at *2 (App. at 107); *Salomon S.A.*, 117 F.R.D. at 321 (App. at 97). Plaintiff will not be

prejudiced by such a stay because, due to the fact that he is a settlement class member in the UKG

Litigation Settlement, his claims will be resolved in that action.

## II.     The Court Should Stay All Discovery Pending A Resolution on the Motion to Dismiss.

A discovery stay is appropriate because UKG has filed a well-founded and potentially

dispositive Motion to Dismiss (ECF No. 56). District Courts have broad discretion to stay

discovery pending resolution of a motion to dismiss. *Laundry*, 901 F.2d at 436 (stating that a stay

of discovery "may be appropriate where the disposition of a motion to dismiss 'might preclude the

need for the discovery altogether thus saving time and expense.'"). Courts in this District have

agreed to stay discovery pending a motion to dismiss where, as here, the pending motion has the

potential to result in the dismissal of all or part of a case. *Leblanc v. C.R. England*, No. 3:13-cv-

282-B, 2013 WL 12354441, at *2 (N.D. Tex. May 20, 2013) (App. at 88) (granting motion to stay

discovery because defendant's Motion to Dismiss may dispose of the action and "[t]hus, discovery

may be unnecessary and avoided altogether."); *Primesource Bldg. Prods., Inc.*, 2020 WL 6140462,

at *2 (App. at 90-91) (staying discovery based on the strength of the defendant's motion to dismiss

where, "upon a cursory examination, the Court concludes [defendant's] arguments are not

frivolous and merit serious consideration."); *see also Sapp v. Mem. Hermann Healthcare Sys.*, 406

F. App'x 866, 871 (5th Cir. 2010) (App. at 103) (affirming district court's decision to stay

discovery when questions of law suggest that the case may not reach a determination on the

merits).

UKG's Motion to Dismiss seeks dismissal of all the claims against it. Plaintiff's claims

alleging PII-related injuries—including claims of negligence, unjust enrichment, breach of

contract, intrusion upon seclusion/invasion of privacy, breach of implied contract, and breach of

fiduciary duty—are premised on nothing more than speculation, and fail to allege a cognizable

injury. Instead, in his Amended Complaint, Plaintiff fails to plead even a single fact suggesting that their PII was actually impacted by the ransomware attack on Kronos. Plaintiffs' Complaint is also devoid of any specific facts that their PII was stolen or misused, or that they suffered monetary losses stemming from a PII-related injury. This is fatal to Plaintiffs' PII-related claims. Accordingly, discovery should be stayed pending resolution of Kronos's potentially dispositive motion. *See Smith v. Potter*, 400 F. App'x 806, 813 (5th Cir. 2010) (App. at 114) (affirming district court's decision to stay discovery when pending motion to dismiss addressed issues "largely legal rather than factual in nature").

Plaintiff, on the other hand, will not be prejudiced by the delay in discovery. There are no witnesses with relevant knowledge that are likely to become unavailable. Moreover, Defendants have implemented measures to preserve potentially relevant materials.

Given the lack of prejudice to Plaintiff, and the burden that would be imposed on Defendants, there is good cause to stay discovery here. *See Fujita v. United States*, 416 Fed. App'x 400, 402 (5th Cir. 2011) (App. at 77) (finding good cause to stay discovery where discovery would "impose undue burden or expense without aiding the resolution of the dispositive motions"); *Johnson v. Ashmore*, No. 3:15-CV-2475-K (BF), 2016 WL 8453918, at *1 (N.D. Tex. Jan. 22, 2016) (App. at 81) (holding stay of discovery proper until preliminary questions raised in defendants' pending motions to dismiss were decided); *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, H-08-cv-0857, 2008 WL 8465061, at *1-2 (S.D. Tex. Aug. 11, 2008) (App. at 93-94) (granting motion to stay discovery pending resolution of motion to dismiss where proceeding with discovery "would constitute an undue burden" for defendants).

## **CONCLUSION**

For the foregoing reasons, Defendant UKG Inc. respectfully requests that this Court stay

- 7 -

this matter as to UKG in its entirety pending approval of the class action settlement in *In re Cybersecurity Litigation*, Case No. 3:22-cv-00346 (N.D. Cal.) and resolution of UKG's Motion to Dismiss.

Dated: June 13, 2023                                  Respectfully submitted,

                                                      **SHOOK, HARDY & BACON L.L.P.**

                                                      By: */s/ Sonila Themeli*
                                                          Sonila Themeli
                                                          State Bar No. 24073588
                                                          sthemeli@shb.com
                                                          **SHOOK, HARDY & BACON L.L.P.**
                                                          600 Travis Street, Suite 3400
                                                          Houston, TX 77002
                                                          Phone: (713) 227-8008
                                                          Fax: (713) 227-9508

                                                          Shannon D. Norris
                                                          State Bar No. 00788129
                                                          sdnorris@norrisfirm.com
                                                          **NORRIS LAW FIRM PLLC**
                                                          735 Plaza Boulevard, Suite 200
                                                          Coppell, TX  75019
                                                          Phone: (214) 396-3345
                                                          Fax: (214) 396-4477

                                                      ***Attorneys for Defendant UKG Inc.***

- 8 -

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that that I conferred with counsel for Defendant Cargill Meat Solutions regarding this motion and they are unopposed to the relief sought.

*/s/ Sonila Themeli*
Sonila Themeli


I hereby certify that that I conferred with Plaintiff *pro se* regarding this motion, and he opposes this motion.

*/s/ Shannon Norris*
Shannon Norris

- 9 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 13th day of June, 2023, the above and foregoing document was filed electronically through the CM/ECF system, and a copy has been served on all known counsel of record and pro se Plaintiff in accordance with the Federal Rules of Civil Procedure:

Eric L. Ellis
8539 Melissa Dr.
Fortworth, TX 76108
Telephone:   (318) 507-5030
Email: EricLamarEllis@gmail.com

Kristen L. Perry
Samantha Rollins Murphy
Faegre Drinker Biddle & Reath LLP
1717 Main Street, Suite 5400
Dallas, TX  75201
Email: kristen.perry@faegredrinker.com
    Samantha.rollinsmurphy@faegredrinker.com

***Attorney for Defendant***
***Cargill Meat Solutions***

*/s/ Sonila Themeli*
Sonila Themeli

- 10 -

4861-4755-4148