```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                         FORT WORTH DIVISION

ERIC L. ELLIS                    §
                                 §
VS.                              §    ACTION NO. 4:22-CV-864-Y
                                 §
CARGILL MEAT SOLUTIONS, et al.   §
```

## ORDER GRANTING MOTIONS TO DISMISS

Before the Court is the motion of Cargill Meat Solutions ("Cargill") for partial dismissal for failure to state a claim (doc. 54) and the motion of Ultimate Kronos Group ("UKG") to dismiss for lack of jurisdiction and failure to state a claim (doc. 56). For the reasons below, the Court will grant both defendants' motions.

## BACKGROUND

Plaintiff is an African-American homosexual man formerly employed in Cargill's production facility as a Food Safety Quality Representative. (Doc. 52, at 6–9.) UKG is a third-party contractor that provides workforce management services to businesses, including timekeeping and payroll software applications. (Doc. 56, at 9.) Cargill uses UKG's payroll software services, the provision of which requires maintenance and storage of individual employees' personal data—including employees like Plaintiff. (*Id.*, at 9–10.)

ORDER GRANTING MOTIONS TO DISMISS – PAGE 1

Plaintiff's allegations fall into two main categories: (1) various claims against Cargill for discrimination under Title VII and for unpaid overtime under the Fair Labor Standards Act ("FLSA"), and (2) claims against UKG for breach of contract and injuries resulting from a data breach. (See Doc. 52.)

As against Cargill, Plaintiff claims he was the victim of discrimination, retaliation, and the creation of a hostile work environment based on his race and sexual orientation. (Doc. 1, at 3–8, 18–20.) Specifically, Plaintiff claims that he was subjected to a sexually hostile work atmosphere and to sexually explicit and demeaning remarks toward homosexuals. (*Id.*) He further claims that Cargill's homosexual employees were generally subjected to unnecessary scrutiny, discipline, and false accusations of wrongdoing. (*Id.*) Finally, he alleges that Cargill failed to compensate him for "all hours worked" in violation of the FLSA. (*Id.*, at 9-17.)

As against UKG, Plaintiff claims he was injured by a criminal data breach which compromised employee data maintained by UKG for Cargill. (Doc. 56, at 10.)

Defendants filed the instant motions to dismiss.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal

of a suit when the court lacks subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). Because Article III standing is necessary for the court's exercise of subject-matter jurisdiction, it is properly addressed under Rule 12(b)(1). *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016). The party seeking federal jurisdiction has the burden of establishing standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

Rule 12(b)(6) authorizes dismissal of a complaint if it fails to provide fair notice of a claim and plausible factual allegations to support it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) is analyzed together with Rule 8(a), which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

Under either rule, a reviewing court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th. Cir. 2007). But the court need not accept conclusory statements as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). After disregarding any conclusory statements, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S., at 570. And a claim has facial plausibility when a plaintiff pleads enough factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S., at 663.

## ANALYSIS

### I. Cargill's Partial Motion to Dismiss

Cargill seeks dismissal of every claim except Plaintiff's claim for unpaid overtime under the FLSA set out in Count IV of his complaint. (Doc. 54, at 7.) The Court will therefore address each remaining count in turn and as labelled in Plaintiff's amended complaint.

*A. Count I.*

Count I contains Plaintiff's claim for "respondeat superior," based on Plaintiff's allegation that "Defendant's officers, agents, servants, employees, or representatives did such [alleged discriminatory acts] with [Defendant's] full authorization." (Doc. 52, at 18.) Plaintiff further contends—without any factual allegations in support—that each violative act "was done in the normal and routine course and scope of employment" of Defendant and its agents. (*Id.*)

To hold an employer liable for the actions of its employees, a claimant must first assert that an employee committed a tort

giving rise to liability. *See e.g. Prim v. Stein*, 6 F.4th 584, 592 (5th Cir. 2021). Here-aside from the role that individual employees allegedly played in Plaintiff's discrimination claim against Cargill—Plaintiff asserts no claim in tort against any *individual employee* for which Cargill could be held liable. This renders Count I conclusory, and the Court therefore disregards it.

   *B. Counts II, III, VIII, IX, and X.*

Counts II, III, VIII, IX, and X together comprise the thrust of Plaintiff's discrimination, hostile-work-environment, and retaliation claims under Title VII.

   *1. Discrimination*

To allege a claim for discrimination under Title VII, a plaintiff must show: (1) that he is a member of a protected class; (2) he was qualified for the position he sought; (3) he suffered an adverse employment action at the hands of his employer; and (4) others outside the protected class were treated more favorably. *See Willis v. Coca Cola Enters., Inc.*, 445 F.3d 413, 420 (5th Cir. 2006). At the motion-to-dismiss stage, a plaintiff need not submit evidence to **prove** a case of discrimination, but he must plead sufficient facts on all the elements of a disparate-treatment claim to make his case for discrimination **plausible**. *Olivarez v. T-*

*Mobile USA, Inc.*, 997 F.3d 595, 600 (5th Cir. 2021).

At the outset, Plaintiff claims that he was disparately treated for his sexual orientation **and** race, but fails to levy a single race-based factual allegation in support beyond an unsubstantiated contention that he was "harassed with racial slurs." (*See* Doc. 52, at 6–8, 19.) While repeated harassment could rise to an actionable claim, Plaintiff offers no allegation as to who levied the slurs, what slurs were used, when, or through what means—the needed facts which could allow the Court's inference as to Cargill's liability. Therefore, the Court considers Plaintiff's Title VII claims based on racial discrimination conclusory and disregards them.

Insofar as Plaintiff claims discrimination based on sexual orientation, he alleges generally that he was subject to "sexually explicit remarks, demeaning hateful homosexual remarks, [and] frequent heterosexual sex scenes (from movies and tv shows) that appeared in multiple breakrooms [and] violent vandalism, resulting in his constructive discharge." (Doc. 52, at 6–7.) He further claims that homosexual employees were consistently falsely accused of wrongdoing while similarly situated heterosexual employees, "actually guilty of wrongdoing," were not disciplined. (*Id.*) But Plaintiff's numbered counts asserting his claims for discrimination contain no more than recitations of these

allegations and of the elements of each claim. (*Id.*, at 6-7, 18-19.) In sum, Plaintiff provides no further detail about these alleged discriminatory occurrences, the "other heterosexual employees" allegedly treated better than him, or any facts regarding the alleged "violent vandalism" he experienced.

Without more, these allegations are conclusory, unsubstantiated, and rife with buzz words to give the appearance of discrimination. But vague and unsubstantiated claims do not have facial plausibility when a plaintiff fails to plead enough factual content to allow the court to infer that the defendant is indeed liable. *Iqbal*, 556 U.S. at 663. Thus, Plaintiff's allegations of discrimination under Title VII (Counts II and VIII) are conclusory, and the Court disregards them.

*2. Retaliation*

Count IX includes Plaintiff's claim for retaliation, in which he alleges that Defendant's management "materially disciplined" him after he complained to management about his supervisors. (Doc. 52, at 31.) Other than supplying a photo of a document which purports to show that Plaintiff was "coached" regarding workplace misbehavior (*Id.* at 32), he provides no factual allegations to support that he was retaliated against for his alleged complaint—let alone any information to indicate he filed a formal complaint

at all.

As such, Plaintiff's retaliation claims are conclusory because of a lack of factual content allowing this Court to infer Cargill's liability. *Iqbal*, 556 U.S. at 663. Therefore, his retaliation claim (Count IX) is disregarded.

### *3. Hostile Work Environment*

Count III contains Plaintiff's claim for hostile work environment, in which he alleges that "Defendant violated Title VII of the Civil Rights Act of 1964 by creating a hostile work environment by repetitive use of racial slurs and also by retaliating against him because of his race and sexual orientation." (Doc. 52, at 19.)

For the same reasons as his claims for discrimination and retaliation, Plaintiff's claim for hostile work environment (Count III) is conclusory and must be dismissed. *Iqbal*, 556 U.S. at 663.

### *4. Conspiracy to Violate Plaintiff's Civil Rights*

Count X alleges that Cargill conspired to violate Plaintiff's civil rights in violation of 42 U.S.C. § 1985(3). (Doc. 52, at 19). To establish a claim for conspiracy, a plaintiff must plead: (1) that there was a conspiracy involving two or more individuals; (2) that its purpose was to deprive Plaintiff of equal protection

of the laws; (3) an act was taken in furtherance of the conspiracy; and (4) that act caused Plaintiff's injury or deprivation of the rights of a citizen of the United States. *Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir. 1994).

Plaintiff's claim for conspiracy fails for the same reasons as his other Title VII claims. Plaintiff presents no factual support to identify Cargill's alleged co-conspirator (see doc. 52, at 19), and the Court therefore cannot infer liability for conspiracy when only one party is alleged to have taken part in it.

*C. Counts IV and XIV*[1]

Counts IV and XIV contain claims for intentional infliction of emotional distress. (Doc. 52, at 19, 35.) Plaintiff contends that Defendant "intentionally or recklessly harassed the plaintiff [with] racial slurs [and that] Defendant's conduct was extreme and outrageous and proximately caused Plaintiff severe emotional distress." (*Id.*)

Without more, these allegations amount to a recitation of the elements of Plaintiff's claim, with vague contentions of racial and sexual animus accompanied by insufficient factual content to

---

[1] Plaintiff's complaint mistakenly asserts a second "Count IX" as a claim for intentional infliction of emotional distress. Thus, the Court will address this claim as "Count XIV" to correct the complaint's numeration.

allow this Court to infer Defendant's liability for them. *Iqbal*, 556 U.S. at 663. Thus, they are conclusory and will be dismissed.

   *D. Counts VI and VII.*

Counts VI and VII, respectively, constitute Plaintiff's claim for breach of contract and an ancillary claim for breach of the "implied covenant of good faith and fair dealing." (Doc. 52, at 26–30.) Plaintiff relies on excerpts of Cargill's code of conduct and data-privacy policies to allege that Cargill breached a contract with Plaintiff when Cargill allegedly discriminated and retaliated against Plaintiff and when UKG suffered its data breach. (*Id.*)

Under Texas law, in an at-will employment relationship an employee handbook or ancillary policy manual does not by itself constitute a binding contract regarding its contents without clear language indicating the contrary. *See Green v. Medco Health Solutions of Texas, LLC*, 947 F.Supp.2d 712, 730–31 (N.D. Tex. May 27, 2013) (Boyle, J.) (citing *Gamble v. Gregg Cnty.*, 932 S.W.2d 253, 255 (Tex.App.-Texarkana 1996, no writ)).

Thus, as pled, Plaintiff fails to state a claim for breach of contract because he has not adduced any language from Cargill's code of conduct or data-privacy policy clearly indicating that their terms form a binding contract with Cargill employees.

Likewise, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is foreclosed because the employer/employee relationship is not recognized as one conferring the duty to deal fairly and in good faith under Texas law. *Cty. of Midland v. O'Bryant*, 18 S.W.3d 209, 216 (Tex. 2000).

*E. Counts XI, XII and XIII.*

Counts XI, XII, and XIII contain Plaintiff's various claims under Texas state law. Counts XI and XII are Plaintiff's allegations of violations of the Texas state labor code. (Doc. 52, at 33–34.) Plaintiff alleges that Defendant "violated Texas Labor Code §21.510(1)," and "violated Texas Labor Code §21.056 in that Cargill abetted, incited and coerced its employees to engage in discriminatory practices against Ellis." (*Id.*, at 33, 34.)

Plaintiff offers no further factual contentions to support these allegations other than those already recited, and merely repeats a litany of damages for which he offers no factual content in support. (*Id.*) Thus, Plaintiff's contentions that Defendants violated the Texas Labor Code are conclusory and must be disregarded.

Count XIII contains Plaintiff's allegation of negligent hiring and retention. Specifically, Plaintiff alleges that "Defendant . . . knew or reasonably should have known that at the

time they hired Supervisor Yanet Hernandez [] she would retaliate against the Plaintiff if she was paired with the harasser Supervisor Mike Calixto." (Doc. 52, at 34.) For the first time in his complaint, Plaintiff offers the names of individuals alleged to be liable for the harassment he contends occurred. But because Plaintiff does not present sufficient facts to show he was subject to discrimination by his supervisors, he therefore cannot substantiate an allegation that Cargill "should have known" of such a discriminatory tendency. Thus, his claim for negligent hiring and retention is conclusory and the Court will dismiss it.

## II. UKG's Motion to Dismiss

UKG filed its motion to dismiss for lack of jurisdiction and failure to state a claim (doc. 56), contending that Plaintiff lacks standing to sue.

To establish Article III standing, a plaintiff must allege an injury in fact that is concrete, particularized, actual, or imminent. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). Although imminence is an elastic standard, it ensures that an alleged injury is not too speculative for the purposes of Article III. *Id.* Only injuries that are "certainly impending" are sufficiently imminent to constitute an injury in fact. *Id.*

In the data privacy context, the mere exposure to a risk of

future harm alone is insufficient to constitute a concrete injury, unless that exposure is itself the injury. *TransUnion, LLC v. Ramirez*, 141 S.Ct. 2190, 2210-11 (2021). And while the circuit courts are split on the question whether an increased risk of identity theft after a data breach is sufficient to confer standing, the cases in which they do confer standing at least include allegations of **actual** misuse of the plaintiff's data by a nefarious third party. *See Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332, 1340 (11th Cir. 2021).

Here, Plaintiff's alleged injuries include the failure to be paid on time due to disruptions in the payroll system, fear and anxiety as to whether payroll disruptions would continue, the loss in value of his personal information, and increased risks of identity theft, fraud, and other potential damages. (Doc. 52, at 42-44.) But plaintiff adduces no evidence to show **what** data was stolen, that **his** data in fact landed in the hands of a third party, nor that his data was **actually** misused. Plaintiff indeed makes vague references to "unauthorized charges" and "lowered credit scores resulting from credit inquiries," but offers no detail to expound upon those allegations. (*Id.*) He likewise avers no further factual detail as to how the value of his information was diminished—or that **his** data was ever actually stolen, just that it was potentially exposed. Because exposure to a future possibility

of injury alone is not an imminent injury, Plaintiff does not plead that he suffered an injury in fact.

Therefore, the Court will dismiss all claims against UKG without prejudice for Plaintiff's lack of standing.

## CONCLUSION

Because Plaintiff fails to state a claim against Cargill in Counts I-IV and VI-XIV of his amended complaint, the Court **GRANTS** Defendant's motion (doc. 54) and **DISMISSES without prejudice** those claims as against Cargill. As against UKG, The Court **GRANTS** UKG's motion (doc. 56) and, because Plaintiff lacks standing, **DISMISSES without prejudice** all claims against UKG. Thus, **only** Count V of Plaintiff's amended complaint against Cargill—which contains his claim for overtime pay violations under the FLSA—remain.

Accordingly, Plaintiff's subsequent motions for summary judgment (doc. 76), judicial notice, (doc. 96), and judgment on the pleadings (doc. 97) are **DENIED**.

SIGNED October 31, 2023.

_Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE